NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10450 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01523-MHM-1 |
| v. | |
| WEBSTER W. NORRIS, III, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted March 14, 2011[**]
San Francisco, California

Before: PAEZ, BERZON, and BEA, Circuit Judges.

Defendant-Appellant Webster Norris, III appeals his conviction for one

count of second-degree murder, in violation of 18 U.S.C. §§ 1153 and 1111, and

one count of assault resulting in serious bodily injury, in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 1153 and 113(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Norris challenges the admission into evidence of testimony about his 1997 conviction for driving under the influence (DUI); his two prior arrests for DUI in 2007; and his completion of 36 hours of State of Arizona DUI Advanced Chemical Dependency Lectures in 2003, all to show that he knew the dangers of driving under the influence and therefore exhibited malice aforethought when he chose to disregard those dangers by driving under the influence of alcohol on September 20, 2008, striking and killing a cyclist who was on the side of the road. Norris contends the prosecutor's reference to these prior bad acts during closing arguments further exacerbated any prejudice from them.

The district court correctly analyzed the evidence under Federal Rule of Evidence 404(b), as Norris concedes, and under Rule 403. The evidence was admissible to prove Norris's state of mind—that he knew the dangers of driving under the influence, and consciously disregarded those dangers when he drove after drinking on the day in question, recklessly disregarding the threat his actions posed to the victim's life. *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). Additionally, the district court gave a limiting instruction to the jury that this was the only purpose for which they were to consider such evidence.

2

When reviewing evidence challenged under Rule 403, "we must presume that juries will follow the district court's limiting instructions." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995).

In *United States v. Loera*, 923 F.2d 725, 729 (9th Cir. 1991), the defendant was convicted of one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(f), and he appealed. We affirmed, holding that the district court correctly allowed evidence of prior DUIs into evidence to prove malice aforethought for murder in the second degree, which was also charged in the Indictment. *Id*. Although Loera—like Norris—argued that evidence of his prior convictions should have been excluded as unfairly prejudicial, we disagreed, particularly because the district court—like the district court here—gave the jury limiting instructions as to the use of the prior convictions. Therefore, we hold that the district court conducted the balancing Rule 403 requires. It did not abuse its discretion by determining that any prejudice that would result from admission of the prior acts did not substantially outweigh their probative value. Moreover, Norris did not object to the prosecutor's comments in summation, and he has not established that the prosecutor's references to the prior acts amounted to plain error.

3

Finally, if admission of any of the disputed evidence was an abuse of discretion under Rule 403, the error was harmless. There was a great deal of evidence of guilt in the case, and the district court gave a detailed limiting instruction as to the evidence in dispute. Thus, it is more likely than not that if any error occurred, it did not affect the verdict. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 n.3 (9th Cir. 2005).

**AFFIRMED.**